IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00124-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DERRICK ALAN DANIELS JR. | ) |
| | ) |

**THIS MATTER** is before the Court upon motion of the defendant to suppress a firearm police found in a rental car, (Doc. No. 16), the government's response, (Doc. No. 17), and the defendant's reply, (Doc. No. 18).

According to the defendant's motion, he was using the rental car with permission from its authorized driver. (Doc. No. 16: Motion at 1). However, he has not alleged that he was listed as an authorized driver on the rental agreement with the car's owner, Enterprise Rent-A-Car.[1] Before a defendant may contest a search, he must establish a reasonable expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). It is well settled in the Fourth Circuit that an unauthorized rental car driver has no legitimate expectation of privacy in the vehicle. United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994).[2]

Here, the defendant has alleged no facts that would establish a legitimate expectation of privacy in the vehicle. United States v. Mincey, 321 F. App'x 233, 239-40 (4th Cir. 2008) (rejecting similar claim where defendant had permission of authorized lessee, but not rental car

---

[1] According to a letter from Enterprise's risk manager, the defendant was not the renter or an authorized driver on the rental agreement. (Doc. No. 17-1).

[2] The defendant is hopeful for a change in the law, (Doc. No. 16-1: Memorandum at 5); however, this inferior Court is obliged to follow published, controlling law in this Circuit. See United States v. Houston, 689 F. App'x 170, 172 (4th Cir. 2017) (noting appellate court is bound to follow Wellons in the absence of an overruling en banc decision of the Fourth Circuit or decision of the Supreme Court).

company). Thus, he is not entitled to a hearing on his motion to suppress. <u>United States v. Espinoza-Seanez</u>, 862 F.2d 526, 536 (5th Cir. 1989) (to warrant a hearing, defendant must allege facts that, if true, would entitle him to relief) (cited in <u>United States v. Smith</u>, 927 F.2d 598, 1991 WL 29043, at *3 (4th Cir. 1991) (unpublished decision)).

      **IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

      The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: January 5, 2018

Robert J. Conrad, Jr.
United States District Judge